08-CV-05353-ORD

FILED _____ LODGED
_____ RECEIVED

APR 21 2009

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KIRK WALD,

                Plaintiff,

v.

PFIZER, INC., a Delaware corporation doing business in Washington,

                Defendant.

Case No.: 3:08-cv-05353-RBL

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

## I. STIPULATION

Recognizing that the parties may seek discovery of medical records, financial records, and other confidential information in this case that each party deems is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure, the parties stipulate to the following protective order.

**IT IS SO STIPULATED.**

//

//

//

//

//

STIPULATION AND [PROPOSED] PROTECTIVE ORDER - 1
Case No. 3:08-cv-05353-RBL

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

| | | |
|---|---|---|
| 1 | Respectfully submitted this 16th day of ~~February~~, 2008. | Respectfully submitted this 6th day of April, 2009. KPK |
| 2 | GORDON EDMUNDS ELDER, PLLC | JACKSON LEWIS LLP |
| 3 | | |
| 4 | By: /s/ Wesley Edmunds | By: /s/ Karen P. Kruse |
| | Wesley Edmunds, Jr. WSBA #7112 | Karen P. Kruse, WSBA #19857 |
| 5 | 1200 112th Avenue NE, Suite C110 | Michael A. Griffin, WSBA #29103 |
| | Bellevue, WA 98004 | Gina D. Wolverton, WSBA #35738 |
| 6 | 425-454-3313 | 600 University Street, Suite 2900 |
| | wedmunds@gee-law.com | Seattle, WA 98101 |
| 7 | | 206.405.0404 \| Main |
| 8 | Attorney for Plaintiff | 206.405.4450 \| Fax |
| | | krusek@jacksonlewis.com |
| 9 | | griffinm@jacksonlewis.com |
| | | wolvertong@jacksonlewis.com |
| 10 | | |
| 11 | | Attorneys for Defendant |

STIPULATION AND [PROPOSED] PROTECTIVE ORDER -2
Case No. 3:08-cv-05353-RBL

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

## II. PROTECTIVE ORDER

It is hereby ORDERED as follows:

1. Scope and Purpose of this Order: This Protective Order shall govern the designation and handling of protected documents produced by any party in discovery in this litigation, whether by voluntary production or disclosure or in response to any formal discovery procedure, including designation and handling of nonpublic information of a confidential nature. This Protective Order does not affect any party's obligations under the Federal Rules of Civil Procedure to produce documents as required by the rules of discovery or an order of the Court. The purpose of this Protective Order is to facilitate the handling of nonpublic information of a confidential or proprietary nature.

2. Standard for Protected Documents: Any person who is required to produce documents or information in discovery in this litigation may designate material produced as a protected document(s) pursuant to this Protective Order. All designations must be based on the good faith belief that the information constitutes (a) proprietary or sensitive business, personal, medical, or financial information; or (b) information subject to a legally protected right of privacy.

3. Protected Documents: Protected document(s) are those documents marked "CONFIDENTIAL" by any party. These documents, referred to hereinafter as "protected documents," will be covered by this Protective Order and will be used only for the purposes of this case, and will not be used by any party or his or her counsel for any purpose unrelated to this case.

4. Designating Protected Documents:

   a. Marking Protected Documents: Protected documents shall be designated as confidential by affixing to them the legend "CONFIDENTIAL" in a size and location that makes the designation readily apparent, preferably in the lower right hand corner.

   b. Designating Deposition Testimony: Any party or non-party wishing to designate deposition testimony or deposition exhibits as confidential may do so on the record

STIPULATION AND [PROPOSED] PROTECTIVE ORDER -3
Case No. 3:08-cv-05353-RBL

during the deposition, or within 30 days after receipt of the deposition transcript and exhibits by providing written notice of the designation to the parties and any other affected person. The party making the designation shall be responsible for assuring that those portions of the deposition transcript and exhibits designated as confidential are appropriately bound by the reporter.

   c. Subsequent Designation: A protected document produced or disclosed without a "CONFIDENTIAL" designation may be subsequently designated by any party as confidential. In each such case, the designating person shall provide to all other parties written notice of that designation and a copy of the document marked as "CONFIDENTIAL." No person shall be liable for publicly disclosing a document marked "CONFIDENTIAL" if that disclosure occurred prior to receipt of written notice pursuant to this paragraph.

  5. Maintaining Designated Protected Documents: Any protected document must be maintained in a manner reasonably calculated to preserve its confidentiality.

  6. Disclosure of Protected Documents:

   a. Except as set forth herein or by any subsequent court order, no protected documents shall be delivered, exhibited, or disclosed to any persons unless done in a manner in compliance with this Protective Order.

   b. The parties' counsel shall require all persons, except those referred to in paragraph 6(c), before being given access to any protected document, to read and agree to be bound by this Protective Order by endorsing the certification attached as Exhibit A. Counsel shall retain this certification.

   c. Protected documents may be delivered, exhibited, or disclosed to the following persons subject to the limitations of this Protective Order:

    (i) Counsel representing the named parties in this case and any paralegal, clerical, or other employee of such counsel assisting in the prosecution or defense of this litigation;

    (ii) Any copying services hired by counsel to copy documents in bulk;

STIPULATION AND [PROPOSED] PROTECTIVE ORDER -4
Case No. 3:08-cv-05353-RBL

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

(iii) The court or any court personnel;

(iv) Any person testifying or attending a deposition;

(v) Any person identified as having authored or having previously received the protected document(s);

(vi) The parties and their client representatives, insurance carriers, and/or counsel for their insurance carriers for any purpose in this litigation; and

(vii) Former employees or agents.

d. This Protective Order does not apply to information obtained by or made available to any such person by means other than the discovery provisions of the Federal Rules of Civil Procedure.

7. Producing Party's Use of Protected Documents: Nothing in this Protective Order limits a producing party's use of its own documents or documents obtained through means other than discovery requests or subpoenas in this litigation. Such disclosures shall not affect any confidential designation made under the terms of this Protective Order.

8. Disputes as to Confidentiality Designation:

a. Meet and Confer Requirement: If, at any time, a party disagrees with the designation of a protected document, the parties must first attempt to resolve the dispute by conferring.

b. Protective Order: If the dispute is not resolved through the meet-and-confer process within 15 days of notification of the receiving party's disagreement with the designation, the producing party will have 30 days to move the court for protection under the Federal Rules of Civil Procedure. The parties may, however, agree to extend this period in order to bring any disputes about designations of protected documents to the Court either at one time or in as efficient a manner as possible.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER -5
Case No. 3:08-cv-05353-RBL

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

c. Status Pending Resolution of Dispute: Any disputed document or other material must be treated as a protected document under this Protective Order until entry of a court order ruling otherwise.

9. Rights of Parties: This Protective Order is without prejudice to the right of any party to apply to the Court for any further protective order relating to any confidential information or for an order permitting disclosure of any confidential information beyond the terms of this Protective Order.

10. Documents for Trial: After the pretrial conference, the parties must meet and confer to (a) reach an agreement as to the confidentiality of information to be used at trial, and (b) designate documents as trial exhibits. If necessary, the parties or the court will also develop a method for maintaining the confidentiality of such information and documents at trial. At the producing party's request, any document previously designated confidential must be used at trial only in a clean or redacted copy without any such designation.

11. Upon Case Completion: When this action, including entry of judgment or appeal, concludes and within 60 days after the litigation has been finally terminated, a producing party may request the return or destruction of all protected documents produced in this litigation, except those filed with the Court or agreed by the parties to be retained for purposes of effectuating any judgment. If such a request is made in writing, the recipient of the request will have 60 days in which to (a) return the documents, (b) destroy the documents, or (c) file a motion with the Court seeking an order upon good cause shown that documents should not be destroyed or returned. Even if there is no request to return the documents within the 60 days, the protected documents are still subject to the Protective Order with special attention to paragraph 1.

12. Commencement: It is ordered that counsel will abide by the terms of this Stipulated Protective Order once it has been signed by counsel regardless of when this Order is signed by the Court.

//

//

STIPULATION AND [PROPOSED] PROTECTIVE ORDER -6
Case No. 3:08-cv-05353-RBL

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

DONE IN OPEN COURT this 21st day of April, 2009.

_____
THE HONORABLE RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

Presented by:

| GORDON EDMUNDS ELDER, PLLC | JACKSON LEWIS LLP |
|---|---|
| By: _____ | By: _____ |
| Wesley Edmunds, Jr. WSBA #7112 | Karen P. Kruse, WSBA #19857 |
| 1200 112th Avenue NE, Suite C110 | Michael A. Griffin, WSBA #29103 |
| Bellevue, WA 98004 | Gina D. Wolverton, WSBA #35738 |
| 425-454-3313 | 600 University Street, Suite 2900 |
| wedmunds@gee-law.com | Seattle, WA 98101 |
| | 206.405.0404 | Main |
| Attorney for Plaintiff | 206.405.4450 | Fax |
| | krusek@jacksonlewis.com |
| | griffinm@jacksonlewis.com |
| | wolvertong@jacksonlewis.com |
| | |
| | Attorneys for Defendant |

STIPULATION AND [PROPOSED] PROTECTIVE ORDER -7
Case No. 3:08-cv-05353-RBL

# Exhibit A

I, _____, certify that I have received and read a copy of the Protective Order in *Kirk Wald v. Pfizer, Inc.*, United States District Court, Western District of Washington, Cause No. 3:08-cv-05353-RBL. I agree to be bound by it. I further understand that any protected document and any notes, memoranda or other form of information derived from it, may not be used, copied or disclosed by me to anyone else except in strict accordance with the Stipulated Protective Order and then only for the prosecution and defense of this litigation.

Dated this ___ day of _____, 200__, in _____, Washington.

_____

STIPULATION AND [PROPOSED] PROTECTIVE ORDER -9
Case No. 3:08-cv-05353-RBL

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404